UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARK NESSELSON M.D.

Case No.: 1:26-cv-0168- JAV

Plaintiff,

-against-

James McDonald MD in his official capacity as Commissioner of NYS Department of Health; Shelly Wang Bandago, in her official capacity as Director of New York State Office of Professional Medical Conduct.

Defendants.
-----------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**

Submitted by:
Attorney for the Plaintiff
Jacques G. Simon
Attorney at Law PC
200 Garden City Plaza Suite 301
Garden City, NY 11530
Phone: 516-378-8400
Direct: 516-551-2957
Email: jgs@jacquessimon.com

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. RELIEF SOUGHT .......... 1

III. RELEVANT FACTUAL BACKGROUND .......... 1

ARGUMENT – POINT I: Relevant legal principles applicable to the instant motion for a preliminary injunction .......... 2

(i) In general .......... 2

(ii) In the Second Circuit, violation of constitutional rights amounts to irreparable harm .......... 3

POINT II: The defendants' purported investigation against the Plaintiff is in fact a true pattern of harassment which in turn is a violation of Plaintiff's substantive due process rights .......... 5

(i) True pattern of harassment and violation of substantive due process .......... 5

(ii) Ongoing harassing investigation .......... 7

(iii) Courts give deference to Commissioner's interpretation of his own regulations and statutes which he enforces .......... 8

POINT III: The remaining elements for the issuance of the preliminary injunction terminating the defendants' investigation as a violation of Plaintiff's substantive due process rights have been satisfied .......... 14

CONCLUSION .......... 15

WORD COUNT CERTIFICATION .......... 17

# TABLE OF AUTHORITIES

**Cases**

Bery v. City of New York, 97 F.3d 689 (2d Cir. 1996) .... 4

Brady v. Town of Colchester, 863 F.2d 205 (2d Cir. 1988) .... 7, 13

Buffalo Courier-Express, Inc. v. Buffalo Evening News, Inc., 601 F.2d 48 (2d Cir. 1979) .... 15

Chalfy v. Turoff, 804 F.2d 20 (2d Cir. 1986) .... 6

Connecticut Dep't of Env't Prot. v. O.S.H.A., 356 F.3d 226 (2d Cir. 2004) .... 4

Contractors Against Unfair Taxation Instituted on New Yorkers v. City of New York (C.A.U.T.I.O.N.), 1994 U.S. Dist. LEXIS 11799, 1994 WL 455553 (S.D.N.Y. Aug. 19, 1994) .... 6

Doctors Council v. New York City Employees' Retirement Sys., 71 N.Y.2d 669 .... 8

Elrod v. Burns, 427 U.S. 347 (1976) .... 4

Ex parte Young, 209 U.S. 123 (1908) .... 8

Frey v. Nigrelli, 661 F. Supp. 3d 176 (S.D.N.Y. 2023) .... 4, 5

Fuentes v. N.Y. State Dep't of Corr. & Cmty. Supervision, 2023 U.S. Dist. LEXIS 212142 (2023) .... 7, 8

Goldstein v. Hochul, 2023 U.S. Dist. LEXIS 111124, 2023 WL 4236164 (2d Cir. June 28, 2023) .... 8

Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60 (2d Cir. 2007) .... 14

Home Care Ass'n v. Bane, 218 A.D.2d 106 (3d Dep't 1995) .... 8

In re Dairy Mart Convenience Stores, Inc., 411 F.3d 367 (2d Cir. 2005) .... 8

Interport Pilots Agency v. Sammis, 14 F.3d 133 (1994) .... 6

Int'l Bus. Mach. v. Johnson, 629 F. Supp. 2d 321 (S.D.N.Y. 2009) .... 15

JBR, Inc. v. Keurig Green Mt., Inc., 618 Fed. Appx. 31 (2015) .... 3

Johnson v. Miles, 355 Fed. Appx. 444 (2009) .... 3, 14

Jolly v. Coughlin, 76 F.3d 468 (2d Cir. 1996) .... 3, 14

Kurcsics v. Merchants Mut. Ins. Co., 49 N.Y.2d 451 .... 9

Levitin v. Rottenberg, 2025 U.S. Dist. LEXIS 212097 (S.D.N.Y. 2025) .... 14

Lopez v. Trump, 2025 U.S. Dist. LEXIS 233190 (S.D.N.Y. 2025) .... 4

Matter of Charles A. Field Delivery Serv., Inc., 66 N.Y.2d 516 (1985) .... 11, 12

Matter of Howard v. Wyman, 28 N.Y.2d 434 .... 8

Matter of New York State Assn. of Life Underwriters v. New York State Banking Dept., 83 N.Y.2d 353 ....................9

Nat'l Fuel Gas Distrib. Corp. v. Christian, 798 F. Supp. 3d 267 (N.D.N.Y. 2025) ....................15

Obsession Sports Bar & Grill, Inc. v. City of Rochester, 235 F. Supp. 3d 461 (2017) ....................7, 13

Rodriguez ex rel. Rodriguez v. DeBuono, 175 F.3d 227 (2d Cir. 1998) ....................3

Rosa R. v. Connelly, 889 F.2d 435 (2d Cir. 1989) ....................6

Salinger v. Colting, 607 F.3d 68 (2d Cir. 2010) ....................3

Semmes Motors, Inc., 429 F.2d 1205 ....................15

Seventh Regiment Armory Conservancy, Inc. v. Knight, 811 F. Supp. 3d 467 (S.D.N.Y. 2025) ....................4, 5

Statharos v. New York City Taxi and Limousine Comm'n, 198 F.3d 317 (2d Cir. 1999) ....................3, 14

Suffolk Cnty. Taxi Owners Ass'n, Inc. v. State, 336 F. Supp. 3d 50 (E.D.N.Y. 2018) ....................8

United Univ. Pros. v. State, 36 A.D.3d 297 (2006) ....................12

USA Recycling, Inc. v. Town of Babylon, 66 F.3d 1272 (2d Cir. 1995) ....................3

Vaher v. Town of Orangetown, 133 F. Supp. 3d 574 (S.D.N.Y. 2015) ....................5, 6

**Statutes and Constitutional Provisions**

U.S. Constitution, Eleventh Amendment ....................7

42 U.S.C. § 1983 ....................5

New York Education Law § 6530 ....................2, 9, 10

New York Education Law § 6530(16) ....................9, 10

New York Public Health Law § 12-a ....................13

New York Public Health Law § 230(10)(iii) ....................7

New York Public Health Law § 2164(5) ....................2, 13

New York Public Health Law § 2168 ....................2, 9, 10, 11, 13

**Rules and Regulations**

Federal Rule of Civil Procedure 65 ....................1

10 NYCRR § 22-1.6 ....................2

10 NYCRR § 66-1.6 ....................9, 11, 12, 13

## I. INTRODUCTION

This memorandum of law is submitted in support of Plaintiff's motion for preliminary injunction brought pursuant to FRCP 65.

## II. RELIEF SOUGHT

The Plaintiff is seeking a preliminary injunction against the defendants, their servants, agents and assigns pursuant to FRCP 65, preliminarily enjoining the defendants, their servants, agents and assigns from continuing or causing to continue the purported "investigation" which was commenced against the Plaintiff on July 27, 2024 based upon the fact that the investigation itself is part of a conspiracy spun by the Commissioner and his employee Joseph Giovannetti to systematically harass the Plaintiff and defame him to the public as a whole as set forth in the accompanying declaration submitted by the Plaintiff in support of this motion.

## III. RELEVANT FACTUAL BACKGROUND

All of the relevant facts to the instant motion are set forth in Plaintiff's declaration DE 40 in support of the motion for preliminary injunction and the same are incorporated by reference herein for the sake of brevity.

Succinctly stated, on July 26, 2024, simultaneously with the commencement of a bogus purported investigation into Plaintiff's general business for the purposes of systematic harassment – Plaintiff's declaration DE 40 - the defendants herein purported to commence their own disciplinary investigation of the Plaintiff based

upon nonexistent grounds for disciplinary misconduct as defined by Education Law Sec. 6530. See DE 40. The defendants herein commenced this investigation with actual knowledge that no violation of any of the provisions of the disciplinary statute Education Law Sec. 6530 exists. They also purported to commence the harassment investigation with actual knowledge that by their own statements made to the Plaintiff during a disciplinary probation period between 2007 and 2014 which the defendants themselves supervised, staff of the commissioner and the OPMC stated to the Plaintiff that where he does not have access to the CIR because the City officials failed to process his application, so long as the Plaintiff documented his patient records regarding the administered vaccines and provided paper certificates in accordance with the provisions of PHL Sec. 2164(5) and commissioner's own regulations 10 NYCRR Sec. 22-1.6 there would be no violation of the terms of the disciplinary probation and no violation of PHL Sec. 2168 existed under Education law Sec. 6530.

## ARGUMENT – POINT I
## RELEVANT LEGAL PRINCIPLES APPLICABLE TO THE INSTANT MOTION FOR A PRELIMINARY INJUNCTION.

### (i) In general.

To successfully seek a preliminary injunction, a moving party must show four elements: (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm if a preliminary injunction is not granted; (3) that the

balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by relief. JBR, *Inc. v. Keurig Green Mt., Inc*., 618 Fed. Appx. 31, 33 (2015) citing *Salinger v. Colting,* 607 F.3d 68, 79-80 (2d Cir. 2010).

Irreparable harm, however, is the "sine qua non for preliminary injunctive relief." *Id.* citing *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1295 (2d Cir. 1995). As such, the moving party must first demonstrate that irreparable harm would be "likely" in the absence of a preliminary injunction "before the other requirements for the issuance of [a preliminary] injunction will be considered." *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1998).

(ii) **In the Second Circuit, violation of constitutional rights amounts to irreparable harm.**

An alleged violation of a constitutional right "triggers a finding of irreparable harm." Therefore, Dr. Nesselson satisfied the requirement that a party applying for a preliminary injunction show irreparable harm. *Johnson v. Miles*, 355 Fed. Appx. 444, 446 (2009) citing *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996); see also *Statharos v. New York City Taxi and Limousine Comm'n,* 198 F.3d 317, 322 (2d Cir. 1999). ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary."). The violation of Petitioner's substantive **due process** rights is therefore an independent basis upon

which to find that Plaintiff suffered and continues to suffer irreparable harm.

*Lopez v. Trump*, 2025 U.S. Dist. LEXIS 233190, *25 (SDNY 2025).

The Second Circuit further confirmed in *Connecticut Dep't of Env't Prot. v. O.S.H.A.*, 356 F.3d 226, 231 (2d Cir. 2004) that violations of constitutional rights are presumed irreparable. Because violations of constitutional rights are presumed irreparable, Elrod v. Burns, 427 U.S. 347, 373, 49 L. Ed. 2d 547, 96 S. Ct. 2673 (1976), "the very nature of [the State's] allegations" satisfies the requirement that it show irreparable injury" *Id.* citing Bery v. City of New York, 97 F.3d 689, 694 (2d Cir. 1996), cert. denied, 520 U.S. 1251, 138 L. Ed. 2d 174, 117 S. Ct. 2408 (1997).

However, the presumption of irreparable harm is not automatic. Rather it is tied hand in hand with the element of likelihood of success on the merits. The presumption of irreparable harm from a constitutional violation is not automatic. Because the violation of a constitutional right is itself the irreparable harm asserted, the two prongs of the preliminary injunction threshold merge into one: in order to show irreparable injury, the plaintiff must show a likelihood of success on the merits of the violation of the constitutional claim. Frey v. Nigrelli, 661 F. Supp. 3d 176 (S.D.N.Y. 2023); Seventh Regiment Armory Conservancy, Inc. v. Knight, 811 F. Supp. 3d 467 (S.D.N.Y. 2025). As the court in *Frey, 661* F. Supp. 3d 176, supra explained, it is more appropriate to determine irreparable injury by considering what adverse factual consequences the plaintiff apprehends if an injunction is not issued,

and then considering whether the infliction of those consequences is likely to violate any of the plaintiff's rights.

This merger doctrine means that the presumption of irreparable harm arising from a constitutional deprivation is not automatic. Frey v. Nigrelli, 661 F. Supp. 3d 176 (S.D.N.Y. 2023). Rather, the alleged constitutional deprivation must be convincingly shown before the presumption attaches. Seventh Regiment Armory Conservancy, Inc. v. Knight, 811 F. Supp. 3d 467 (S.D.N.Y. 2025).

## POINT II

### THE DEFENDANTS' PURPORTED INVESTIGATION AGAINST THE PLAINTIFF IS IN FACT A TRUE PATTERN OF HARASSMENT WHICH IN TURN IS A VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS.

Defendants' continuous purported investigation of the Plaintiff as acknowledged by the Director herself in DE 26 is a true pattern of harassment and necessarily a violation of Plaintiff's substantive due process rights as defined by the case law below.

**(i) True pattern of harassment and violation of substantive due process.**

[A] true pattern of harassment by government officials may make out a section 1983 claim for violation of due process of law." *Vaher v. Town of Orangetown,* 133 F. Supp. 3d 574, 602 (SDNY 2015) citing *Chalfy v. Turoff*, 804 F.2d 20, 22 (2d Cir. 1986).

"Cases in which courts have upheld such claims, have involved 'systematic and intentional' conduct directed at the plaintiff. Generally, defendants in such cases either acted illegally, or used their legal authority for a purpose other than that for which it was intended." *Id. citing Contractors Against Unfair Taxation Instituted on New Yorkers v. City of New York ("C.A.U.T.I.O.N."), No. 93 CIV. 4718 (KMW), 1994 U.S. Dist. LEXIS 11799, 1994 WL 455553, at *3* (S.D.N.Y. Aug. 19, 1994) (citing *Chalfy*, 804 F.2d at 22).

A substantive due process claim based on allegedly tortious conduct by a state actor ordinarily requires evidence of conduct that "can properly be characterized **as arbitrary**, or conscience-shocking, in a constitutional sense." *Interport Pilots Agency v. Sammis*, 14 F.3d 133, 144 (1994) citing *Rosa R. v. Connelly*, 889 F.2d 435, 439 (2d Cir. 1989) (requiring evidence that official action was "**arbitrary or irrational or motivated by bad faith**"), cert. denied, 496 U.S. 941, 110 L. Ed. 2d 671, 110 S. Ct. 3225 (1990); *Chalfy v. Turoff*, 804 F.2d 20, 23 (2d Cir. 1986) (per curiam) (requiring proof of "systematic and intentional harassment" to transform official action causing economic injury into a constitutional violation).

Where a state agency's action is unsupported by law and is outside the scope of its authority, a claim for violation of substantive due process is made. *Obsession Sports Bar & Grill, Inc. v. City of Rochester, 2*35 F. Supp. 3d 461, 468 (2017) citing *Brady v. Town of Colchester*, 863 F.2d 205, 215-216 (2d Cir. 1988). In *Brady,* 863

F.2d 205, 215-216, supra the Second Circuit held that if a town revoked a citizen's building permit without "authority under state law" to do so, "a trier of fact could conclude that there was no 'rational basis' for the [town's] actions, and that, as a result, the [town] violated [the citizen's] rights to substantive due process."

Similarly, here as shown in Plaintiff's Declaration DE40 the current investigation is not predicated upon the powers granted by the legislature to the OPMC Director under Public Health Law ("PHL") Sec. 230(10)(iii) to investigate professional medical conduct at all. In fact, none of the grounds stated to be investigated in the OPMC March 14, 2025 letter to the Plaintiff EX A to Plaintiff's declaration DE 40-3 amount to any bona fide statement of professional medical conduct at all. See Plaintiff's declaration DE 40 and EX B to Plaintiff's declaration at DE 40-4.

(ii) **Ongoing harassing investigation**.

The Eleventh Amendment does not "bar actions seeking only prospective injunctive relief against state officials to prevent a continuing violation of federal law." *Fuentes v. N.Y. State Dep't of Corr. & Cmty. Supervision*, 2023 U.S. Dist. LEXIS 212142, *2-3 (2023) citing *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005) (citing *Ex parte Young*, 209 U.S. 123, 160, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). The exception under Ex parte Young for claims for prospective injunctive relief "only applies where the official sued has some

connection with the enforcement of the allegedly unconstitutional act." *Suffolk Cnty. Taxi Owners Ass'n, Inc. v. State*, 336 F. Supp. 3d 50, 67-68 (E.D.N.Y. 2018); Goldstein v. Hochul, No. 22-CV-8300 (VSB), 2023 U.S. Dist. LEXIS 111124, 2023 WL 4236164, at *4-5 (2d Cir. June 28, 2023).

As can be seen from the Director's own declaration DE 26, this unauthorized harassing investigation is still ongoing and it is conducted hand in hand with the Commissioner's pattern of harassment described in Plaintiff's declaration DE 40.

**(iii) Courts give deference to Commissioner's interpretation of his own regulations and statutes which he enforces**

In *Home Care Ass'n v. Bane*, 218 A.D.2d 106, 109 (3rd Dept 1995) the Appellate Division Third Department stated that "as this case involves not only an agency's interpretation of an applicable statute and implementing regulations (citing *Matter of Howard v Wyman*, 28 NY2d 434, 438; see also, *Doctors Council v New York City Employees' Retirement Sys., 71* NY2d 669, 674-675) but also the Department's knowledge and understanding of underlying operational procedures and practices, a reviewing court should give great deference to the construction the Department places on the statute and implementing regulations. Id. citing *Kurcsics v Merchants Mut. Ins. Co., 49* NY2d 451, 459; *Matter of New York State Assn. of Life Underwriters v New York State Banking Dept.*, 83 NY2d 353, 360).

As set forth in Plaintiff's declaration in support of this motion DE 40 the defendants' own staff stated in no uncertain terms to the Plaintiff in several instances during the supervised disciplinary probation period between November 2007 and April 2014 that Dr. Nesselson's inability to report vaccinations to the City Immunization Registry ("CIR") due to the City officials' failure to process his application and give him access to the centralized database was neither a violation of the terms of the probation, nor a willful violation of the Education Law Sec. 6530(16) or of PHL Sec. 2168.

Moreover, the staff provided specific interpretation of the statute which they purport to enforce, PHL Sec. 2168, providing Dr. Nesselson specific instructions under which he must vaccinate his patients by way of documentation. Those directives as well as the defendants' own lack of any action taken against the Plaintiff through 2024 were unambiguous and clear: provide vaccinations, document the medical records with the vaccination information required by the schools and provide paper certifications pursuant to 10 NYCRR Sec. 66-1.6 (Commissioner's own regulation). DE 40.

In fact, the defendants knowingly took no action against the Plaintiff at any time until March 2024 when presumably someone new who did not read the Commissioner's regulations and was unaware of the agency's interpretation of the same took it upon himself to declare the Plaintiff a vaccine fraudster and place him

under investigation based upon a legal fiction concocted by him and the Commissioner. That someone was and is Joseph Giovannetti, the central defendant and Appellee in multiple litigation brought against him. DE 40.

In this case, by default and by process of elimination the only viable stated grounds for investigation appearing and identified in Defendants' own letter of March 14, 2025 – EX B DE 40-3 is a purported investigation of Plaintiff's "participation", or lack thereof in the centralized

database reporting of vaccinations pursuant to PHL Sec. 2168, namely to the CIR. See Plaintiff's declaration DE 40. The remaining grounds for the investigation stated in defendants' letter either do not exist or are inapplicable to the plaintiff (vaccine exemptions). This triggers the only possible ground for investigation under Education law 6530(16) which makes professional misconduct "A willful or grossly negligent failure to comply with substantial provisions of federal, state, or local laws, rules, or regulations governing the practice of medicine".

That has not happened here at all. In this case not only was Dr. Nesselson's inability to report vaccinations not caused by his willful or grossly negligent conduct but it was caused by conduct of the City and defendants herein which is not authorized by PHL Sec. 2168. Specifically between 2006 and March 2024 the City officials never provided Dr. Nesselson with access to the CIR. From March 2024 through this date and in perpetuity it was the defendants and Giovannetti who

blocked the Plaintiff's access to the CIR illegally and now they purport to investigate him for inability to report vaccinations to the CIR which was created by defendants' own conduct. See DE 40.

The defendants' interpretation of that statute and their own regulation 10 NYCRR Sec. 66-1.6 is binding now and has always been binding upon the defendants. New York law permits agencies to change their prior interpretations, but imposes procedural and substantive constraints on such changes.

The New York Court of Appeals in *Matter of Charles A. Field Delivery Serv., Inc*., 66 N.Y.2d 516, 488 N.E.2d 1223 (1985) established the foundational rule: stare decisis is no more an inexorable command for administrative agencies than it is for courts, and agencies are therefore free, like courts, to correct a prior erroneous interpretation of the law by modifying or overruling a past decision.

However, the Court held that when an agency determines to alter its prior stated course, it must set forth its reasons for doing so; unless such an explanation is furnished, a reviewing court will be unable to determine whether the agency has changed its prior interpretation of the law for valid reasons, or has simply overlooked or ignored its prior decision *Matter of Charles A. Field Delivery Serv., Inc.,* 66 N.Y.2d 516, 488 N.E.2d 1223 (1985). Absent such an explanation, failure to conform to agency precedent requires reversal on the law as arbitrary and capricious,

even though there is in the record substantial evidence to support the determination made.

The Appellate Division, Third Department, in *United Univ. Pros. v. State*, 36 A.D.3d 297, 826 N.Y.S.2d 447 (2006) applied and refined this rule, holding that while an agency may rectify what it deems an erroneous interpretation of the law, the new interpretation is only valid if the agency furnishes a legitimate explanation for its change in position and the new interpretation is supported by the statute's language and legislative intent.

In this case, as stated in DE 40 not only is there no explanation for defendants' departure from their own interpretation of the statute or regulation that they are enforcing and from the plain language of Commissioner's own regulation 10 NYCRR Sec. 66-1.6 which makes paper certifications signed by Dr. Nesselson the primary and preferred method of certifying vaccines, but the whole investigation is predicated upon a legal fiction.

That fiction is that healthcare providers who are barred through unauthorized means from access to the CIR by the defendants themselves cannot vaccinate their pediatric patients because the vaccinations violate New York law. DE 40. However, no law exists supporting that position or the OPMC investigation into this matter.

In this case the defendants' investigation is not based upon any law enacted by the legislature which authorizes the OPMC to investigate professional medical

conduct. It is based upon a legal fiction created by the defendants as stated above and it violates Commissioner's own regulation 10 NYCRR Sec. 66-1.6.

Neither PHL Sec. 2164(5) nor PHL Sec. 2168 nor Commissioner's regulation 10 NYCRR Sec. 66-1.6 provide the defendants with authority to first assure the Plaintiff that he is not violating the law by vaccinating his patients and providing paper certifications and then actively participating in blocking his access to the CIR and subsequently investigating him for the conduct which they themselves interpreted to be legal and for the conditions created by them which blocked access to the CIR without a hearing pursuant to PHL Sec. 12-a and by administrative fiat.

For all of the foregoing reasons the investigation is continued for the purposes of systematic harassment in violation of Plaintiff's substantive due process rights. See e.g. *Obsession Sports Bar & Grill, Inc., 235* F. Supp. 3d 461, 468 citing *Brady* 863 F.2d 205, 215-216, supra.

A violation of Plaintiff's substantive due process rights amounts to irreparable harm for the purposes of this application for injunction. *Johnson*, 355 Fed. Appx. 444, 446 (2009) citing *Jolly*, 76 F.3d 468, 482 , supra and *Statharos* 198 F.3d 317, 322 supra.

**POINT III**

**THE REMAINING ELEMENTS FOR THE ISSUANCE OF THE PRELIMINARY INJUNCTION TERMINATING THE DEFENDANTS' INVESTIGATION AS A VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS HAVE BEEN SATISFIED.**

Where an injunction is sought against government officials the Plaintiff has to satisfy both the balance of equities element and the public interest element.

In this case, the public interest element is satisfied because it is in the public interest for the courts to enjoin violations of constitutional rights. *Levitin v. Rottenberg*, 2025 U.S. Dist. LEXIS 212097, *16 (SDNY 2025) citing *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007).

Balance of hardships tipping decidedly toward the party requesting a preliminary injunction" means that, as compared to the hardship suffered by other party if the preliminary injunction is granted, the hardship suffered by the moving party if the preliminary injunction is denied will be so much greater that it may be characterized as a "real hardship," such as being "driven out of business . . . before a trial could be held." *Nat'l Fuel Gas Distrib. Corp. v. Christian*, 798 F. Supp. 3d 267, 277-278 (NDNY 2025) citing *Buffalo Courier-Express, Inc. v. Buffalo Evening News, Inc.*, 601 F.2d 48, 58 (2d Cir. 1979); Int'l Bus. Mach. v. Johnson, 629 F.

Supp.2d 321, 333-34 (S.D.N.Y. 2009); see also *Semmes Motors, Inc.,* 429 F.2d at 1205, supra.

The balance of equities element is satisfied where in the absence of a preliminary injunction the Plaintiff is deprived of his substantive due process rights and is subjected to continuous harassment investigation. By contrast the state has no interest in pursuing an unauthorized harassment investigation against the Plaintiff in violation of his constitutionally protected substantive due process rights.

## CONCLUSION

For all of the foregoing reasons the instant application for a preliminary injunction should be granted in its entirety.

Dated: September 29, 2026

Respectfully submitted
Attorneys for the Plaintiff
JACQUES G SIMON
ATTORNEY AT LAW PC
*/s/ Jacques G. Simon*
200 Garden City Plaza, Suite 301
Garden City NY 11530
Phone: 516-378-8400
Direct: 516-221-2957
Email: jgs@jacquessimon.com

**WORD COUNT CERTIFICATION**

I hereby certify that I used MS Word processing in preparing this document and the total word count shown is 3443, well within the limit in the individual rules of practice.

Dated: September 29, 2026

*/s/Jacques G Simon*